IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY JANE HERZOG )
) No. 17-1296
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability insurance benefits and supplemental security income. She alleged mental and physical impairments, including those stemming from chronic obstructive pulmonary disease and depression. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

**II.     THE PARTIES' MOTIONS**

Plaintiff first contends that the ALJ improperly disregarded the opinions of her treating primary care physician, Dr. Guthrie, and treating therapist, social worker Ms. Mason. In particular, she contends that the ALJ made factual errors regarding Dr. Guthrie's opinion,

The ALJ afforded Dr. Guthrie's opinion "minimal weight." In so doing, the ALJ stated that "Dr. Guthrie believes the claimant is incapable of sitting or standing at all – not even for one minute – during a normal workday." In support of that proposition, the ALJ cites to Dr. Guthrie's June 16, 2016 Physical Capacity Evaluation. In addition to the purported sit/stand inconsistency, the ALJ discounted Dr. Guthrie's opinion for the following reasons: that Dr. Guthrie listed cancer as a current diagnosis, even though Plaintiff's cancer has been in remission; and that beyond prescribing muscle relaxants and pain medications, Dr. Guthrie has not recommended specialized treatment for Plaintiff's physiological impairments. Finally, the ALJ stated that Dr. Guthrie's progress notes fail to corroborate Plaintiff's alleged need to recline throughout the day.

The ALJ's reasons for discounting Dr. Guthrie's opinions regarding Plaintiff's sit/stand limitations are questionable. In her June 16, 2016 evaluation, Dr. Guthrie indicated that Plaintiff was capable of standing, walking, or sitting continuously for ten minutes per hour in an eight hour day. In that evaluation, Dr. Guthrie also indicated that Plaintiff could sit and stand for one total hour in an eight hour day, if alternating sitting and standing at will with normal breaks. It is true that Dr. Guthrie checked "none" in response to the question, "In an 8 hour workday, claimant can [sit or stand] (with normal breaks) for a total of [choices to select were given in one-hour increments, from "none" to eight hours]." While these opinions are potentially inconsistent with each other, the ALJ did not note or rely on any potential internal inconsistency. Instead, she chose the most restrictive of Dr. Guthrie's responses, found it inconsistent with

3

Plaintiff's activities, and relied on that inconsistency to discount Dr. Guthrie's opinion. While it is certainly possible that the other responses were not merely ignored, that is not apparent from the ALJ's decision. The ALJ did not acknowledge that Dr. Guthrie found that Plaintiff had some ability to sit and stand. Further, a current diagnosis of cancer is not necessarily inconsistent with remission,[1] as a condition in remission differs from a past condition that no longer exists. I note, too, that it is unclear why the mere fact of a physician's decision not to recommend specialized treatment undermines her assessment of a patient's functional abilities. "If an ALJ rejects a treating physician's opinion based upon alleged factual inaccuracies or mischaracterizations of the evidence, the ALJ's opinion is not supported by substantial evidence." Garris v. Colvin, No. 2:13-cv-157, 2013 U.S. Dist. LEXIS 176583, at *23 (W.D. Pa. Dec. 17, 2013). In this particular case, the potential inaccuracies warrant remand.

As regards Ms. Mason, the ALJ "[took] exception" to her opinion that Plaintiff was extremely limited in her ability to perform activities of daily living and maintain social functioning, and that Plaintiff has had repeated episodes of decompensation. Plaintiff finds multiple errors on the ALJ's conclusions. For example, the ALJ noted that Plaintiff never attempted to commit suicide. Plaintiff, however, points to a record of behaviors that might, or might not be, consistent with suicide attempts, and Ms. Mason reference to a "small effort" to commit suicide. Also, the ALJ found Ms. Mason's conclusions inconsistent with Dr. Humphreys, Plaintiff's treating psychiatrist, and Plaintiff contends that the opinions are, in fact, consistent. In addition to these arguments, Plaintiff also asserts that the ALJ mischaracterized the record regarding her missed therapy appointments. I find no error in the ALJ's approach to

---

[1] According to the National Cancer Institute, remission, which differs from "cure," "means that the signs and symptoms of your cancer are reduced." https://www.cancer.gov/about-cancer/diagnosis-staging/prognosis. The online Oxford Dictionary defines remission as "a diminution of the seriousness or intensity of disease or pain; a temporary recovery," listing as synonyms "respite" and "abeyance."

4

Ms. Mason's opinion. She carefully considered Ms. Mason's opinions alongside the entire record, including Plaintiff's meetings with Dr. Humphreys. If the ALJ erred in noting that Plaintiff missed 14, and not 12, appointments, the error is de minimis; the same is true for the other potential issues to which Plaintiff points.

Plaintiff also complains that the RFC fails to comport with the evidence of record. In particular, she asserts that the RFC is inconsistent with Dr. Guthrie's limitations on standing, walking, and sitting. Because this matter will be remanded for further consideration of Dr. Guthrie's opinion, I need not address this argument. Plaintiff also asserts that the RFC should have included limitations regarding the use of her right hand, because medical records reflect numbness, tingling, and problems holding onto objects, and Plaintiff testified that her use of the hand was limited. I find no error in that regard, as the ALJ is not required to conclude that Plaintiff has functional limitations merely because symptoms exist that would support such limitations. Moreover, it is clear that the mere fact that there is evidence to support a limitation does not mean that the ALJ errs in failing to find that limitation. Plaintiff's contentions regarding the vocational expert ("VE") testimony is rejected for a similar reason. Plaintiff suggests that the ALJ ignored the VE's conclusions regarding the effects of limitations on job availability, when the ALJ failed to include such limitations in the RFC. Again, the mere presence of evidence to support a limitation is not dispositive.

Plaintiff further argues that the ALJ improperly assessed her credibility. The ALJ noted that Plaintiff testified that she does not leave her house three to four days per week, but also, and inconsistently, testified that she drives her brother to and from work every day. As Plaintiff points out, however, she testified that her brother sometimes has someone else pick him up or he walks to work.. Nonetheless, the ALJ did not rest her credibility determination on these alleged

inconsistencies alone. Instead, she noted that Plaintiff is a daycare provider for her three minor grandchildren, and also noted that Plaintiff's claim of spending 8-10 hours per day in bed due to headaches was not supported by the record. She further noted that Plaintiff complains of frequent right hand numbness, but voiced only minimal complaints to her PCP, and has not received various types of intervention or treatment for her complaints. She also pointed to repeated physical examinations that failed to record an explanation for the alleged intensity of Plaintiff's symptoms. Plaintiff's driving frequency was but one factor in the ALJ's credibility assessment, and to the extent that it rested on a mischaracterization, the impact on the outcome is de minimis. Although I find no error, the ALJ is of course free to reassess Plaintiff's credibility on remand, should the reconsideration of the medical evidence warrant such reconsideration.

## CONCLUSION

For the foregoing reasons, this matter will be remanded for additional consideration of the opinion of Dr. Guthrie with respect to Plaintiff's ability to sit, stand, and walk. The ALJ may determine whether additional proceedings are required, and may, of course, reassess any part of the record impacted by additional consideration of Dr. Guthrie's opinion. An appropriate Order follows.

    BY THE COURT:

    */s/ Donetta W. Ambrose*

    _____

    Donetta W. Ambrose

    Senior Judge, U.S. District Court

Dated: March 14, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY JANE HERZOG )
) No. 17-1296
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 14th day of March, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

_/s/ Donetta W. Ambrose_
_____
Donetta W. Ambrose
Senior Judge, U.S. District Court